*NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| ROBERT L. HEDRICK, | Civ. No. 25-5100 (RMB-MJS) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| WARDEN, FCI FORT DIX, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about May 21, 2025, Plaintiff Robert L. Hedrick, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671,[1] and various federal criminal statutes.[2]  Compl., Dkt. No. 1.  The Complaint is difficult to decipher but the Court gleans the following

---

[1] The sole proper defendant to a claim under the Federal Tort Claims Act is the United States of America.  *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008), *as amended* (Sept. 29, 2008).

[2] "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  It is within the broad discretion of a prosecutor to decide whether or not to prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1985).

factual allegations and claims against Warden R. Thompson[3] and BOP Officer N.
Kumar ("Kumar").  On April 8, 2025, fifty or more BOP Officers, staff and
contractors entered FCI Fort Dix and verbally and physically assaulted all inmates.
*Id.* at 3.[4]  Specific to Plaintiff,[5] some of the fifty officers, BOP staff and contractors
entered his room in Unit 5811, a room for handicapped inmates, and forced the
inmates to lay on the floor and screamed at them without cause.  *Id.*  BOP staff
forced the inmates, including Plaintiff, to put all items purchased from the
commissary and five books into an army duffle bag.  *Id.*

BOP staff took the inmates and their duffle bags to another room and stole all
inmate property that was allegedly in excess of that permitted, according to the
Inmate Handbook, Inmate Personal Property List.  *Id.* at 3-4.  The items taken from
inmates included religious books, approved religious items, and sentimental items
like family photos, allegedly in violation of BOP Program Statements permitting
inmates to keep these items.  *Id.* at 4.  Kumar screamed at Plaintiff and made him
carry his 50-55 pound duffle bag from the gym to Unit 5811, which caused serious

---

[3] Within the body of the Complaint, Plaintiff identifies the warden of FCI Fort Dix
as R. Thompson.  Compl. at 6, Dkt. No. 1.

[4] Page citations are to the page numbers assigned on the docket by the Court's Case
Management and Electronic Filing System ("CM/ECF") on the top right corner of
the page.

[5] Many of the allegations in the Complaint pertain to inmates other than Plaintiff.
The Court includes these allegations for background.  "[A] plaintiff must assert his or
her own legal interests rather than those of a third party" to have standing in federal
court.  *Township of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir.
2011).

injury to Plaintiff's right hip and reinjured his lower spine.  *Id.* at 6.  Plaintiff alleges these actions were condoned by Warden R. Thompson.  *Id.*

Allegedly, BOP staff took money from each inmate[6] and split it between themselves.  *Id.* at 4.  Plaintiff filed a BOP claim for loss of or damage to property.  *Id.*  at 3-4.  BOP staff also made all inmates, including Plaintiff, place their legal materials on their beds, and staff went through the materials and disposed of "derogatory documents" about Warden R. Thompson, J. Bender, Lt. Atkinson, Lt. Hamilton and others.  *Id.* at 3.

2.  Plaintiff did not submit the $405 filing fee or an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Instead, he submitted a self-styled "Motion to Waive Court Fees" for all inmates who file or have filed criminal complaints in this Court against BOP employees, officers and contractors for theft of inmate property on April 25, 2025.  Mot. to Waive Court Fees, Dkt. No. 3-1.

3.  *Pro se* prisoners may not file criminal actions in federal court.  *Linda R.S.,* 410 U.S. at 619.  Therefore, Plaintiff's Motion to Waive Court Fees on behalf of inmates who sought to file criminal complaints will be denied.  Moreover, to file a civil rights action, Plaintiff must either pay the $405 filing fee or submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Plaintiff has not done so.  Therefore, the Court will administratively terminate this matter, subject to reopening upon Plaintiff's submission of a properly completed IFP

---

[6] Plaintiff may be referring to the estimated value of the property taken from the inmates.

application.  The Court will administratively terminate Plaintiff's motion for an emergency injunction, subject to reopening.[7]  Upon reopening this matter, the Complaint, or an amended complaint, if filed, is subject to screening for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP proceedings) and/or 28 U.S.C. § 1915A (complaint seeking redress from a governmental entity or officer or employee of a governmental entity).

4.  The Court notes Plaintiff has submitted new allegations via letters to the Court.  If Plaintiff reopens this action, he may wish to file an Amended Complaint that consolidates all properly joined claims.[8]  Plaintiff may not amend his Complaint by submitting letters or evidentiary declarations[9] to the Court.  *See* Federal Rule of

---

[7] It appears, however, that Plaintiff's motion for injunctive relief, where he seeks an order prohibiting his transfer to another correctional institution, is moot because Plaintiff is now housed in the Federal Correctional Institution in Memphis, Tennessee.  *See* Dkt Nos. 3, 11.

[8] For joinder of claims and defendants, *see* Federal Rules of Civil Procedure 18 and 20.

[9] Plaintiff should be guided by the Federal Rules of Civil Procedure in pursuing claims in federal court.  If Plaintiff files an amended complaint, the complaint should meet the requirements of Federal Rule of Civil Procedure 8(a):

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

Civil Procedure 15, Amended and Supplemental Pleadings, and District of New Jersey Local Civil Rule 15.1 Motions to File Amended Pleadings.

An appropriate order follows.

**Dated: October 10, 2025**

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> Chief United States District Judge

---

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To state a claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need only allege facts, not legal conclusions or citations to caselaw, at the pleading stage. With very few exceptions, discovery by the parties occurs only after the defendants have been served and have filed an answer to the complaint. Before trial, evidence typically is submitted to the Court only in favor of or in opposition to a motion for summary judgment. *See* Federal Rule of Civil Procedure 56 Summary Judgment.