**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ROBERT L. HEDRICK, <br><br> Plaintiff <br><br> v. <br><br> WARDEN, FCI FORT DIX, *et al.*, <br><br> Defendants | Civil No. 25-5100 (RMB-MJS) <br><br> **MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1.      The Court incorporates by reference the factual and legal background set forth in its October 10, 2025 Memorandum Opinion (Dkt. No. 13) and November 4, 2025 Order (Dkt. No. 18). Briefly, Plaintiff Robert L. Hedrick, a prisoner confined at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed this *pro se* action arising out of an April 8, 2025 shakedown at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), during which fifty or more Federal Bureau of Prisons ("BOP") officers, staff, and contractors allegedly: forced inmates including Plaintiff to lie on the floor and screamed at them without cause; confiscated inmate property including religious books, approved religious items, and family photographs allegedly in violation of BOP Program Statements; stole money from inmates; and searched through and destroyed inmates' legal materials, including

1

documents critical of prison officials. (Compl., Dkt. No. 1 at 3–4.) Specific to Plaintiff, BOP Officer N. Kumar screamed at him and forced him to carry a 50–55-pound duffle bag despite a documented physical disability, causing injury to his right hip and lower spine. (*Id.* at 6.) Plaintiff alleges these actions were condoned by Warden R. Thompson. (*Id.*)

2.      By Order dated November 4, 2025, the Court reopened this matter, granted Plaintiff *in forma pauperis* status, and directed Plaintiff to file an amended complaint within thirty days or face screening of the original complaint pursuant to 28 U.S.C. § 1915A. (Dkt. No. 18 ¶ 6.) Plaintiff did not file an amended complaint. Instead, Plaintiff filed a document styled as a "Motion for Summary Judgment" in which he expressly represented that he "does not amend his complaint." (Dkt. No. 20 at 2.) Plaintiff subsequently submitted additional statements and letters to the Court. (Dkt. Nos. 21, 22, 23.) The most recent filing, a Statement of Physical Injuries received March 19, 2026, documents Plaintiff's ongoing medical conditions including a knee brace issued February 28, 2026, lower bunk and first-floor cell restrictions, and alleged denial of a prescribed TENS unit[1] at FCI Fort Dix following an assault. (Dkt. No. 23.) The original

---

[1] A TENS unit (transcutaneous electrical nerve stimulation) is a portable, battery-operated medical device that delivers low-voltage electrical impulses through electrodes placed on the skin, stimulating underlying nerves to disrupt pain signals and trigger the release of the body's natural pain-reducing substances. It is commonly prescribed for the management of chronic pain conditions, including spinal and lower back injuries of the type Plaintiff alleges here. *See* Mayo Clinic, Transcutaneous Electrical Nerve Stimulation (TENS), https://sharedfiles.mayoclinic.org/bedside/ope/GNT-20248283.html (last

complaint is therefore the operative pleading and is ripe for screening.

3.      The Court screens the original complaint pursuant to 28 U.S.C. § 1915A, which requires dismissal of any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. § 1915A(b). To survive screening, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court addresses each category of claim in turn.

4.      *Section 1983 and Federal Criminal Statutes.* As the Court explained in its prior opinion, Plaintiff's claims under 42 U.S.C. § 1983 fail because that statute reaches only persons acting under color of state law; it does not extend to federal officers or employees. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). (Dkt. No. 13 at 2.) Plaintiff's claims predicated on federal criminal statutes, including RICO, 18 U.S.C. § 1961 *et seq.*, similarly fail because a private citizen has no judicially cognizable interest in the prosecution of another and may not invoke federal criminal statutes as a basis for civil liability. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). (Dkt. No. 13 at 2.) Plaintiff was previously advised of these deficiencies, expressly declined to amend, and amendment would be futile. These claims are therefore dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2 002).

5.      *Plaintiff's Bivens' Claims Fail.* Insofar as Plaintiff seeks monetary damages

---

visited June 2, 2026).

against federal actors based on federal constitutional claims, because his claims arise in the context where the Bureau of Prisons administrative remedy program ("BOP ARP") provides him an alternative remedy to a damages claim, this Court must decline to extend *Bivens* in this new context. *See Muniz v. United States*, 149 F.4th 256, 264 (3d Cir. 2025) (citation modified) ("In addition to creating a new context at step one, the BOP ARP foreclose[s] the need to fashion a new, judicially crafted cause of action at the second step as well.")

6.    *FTCA Claims fail for lack of jurisdiction.* Plaintiff also asserts his claims against the warden and Officer Kumar under the Federal Tort Claims Act. "The Government is the only proper defendant in a case brought under the FTCA." *CNA v. U.S.*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008). Even if Petitioner brought his FTCA claims against the United States of America, he has not established the jurisdictional requirement under 28 U.S.C.A. § 2675, which provides, in relevant part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

7.    *Motion for Summary Judgment.* Plaintiff's Motion for Summary Judgment (Dkt. No. 20) is denied without prejudice. As the Court previously noted, summary

judgment is rarely appropriate prior to service and the close of discovery. (Dkt. No. 18 n.4); *see also* Fed. R. Civ. P. 56(d). The motion is additionally defective in that it seeks relief unavailable in a civil rights action, including immediate release from federal custody, which must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

8.    *Administrative Termination.* Local Civil Rule 10.1(a) requires a *pro se* party to advise the Court of any change of address within seven days of such change, and provides that failure to do so may result in the dismissal of the action. Plaintiff's most recent filing was received March 19, 2026. (Dkt. No. 23.) The Court has no confirmation that Plaintiff remains at FCI Memphis or that future mailings will be received. Accordingly, the Court will administratively terminate this matter. Plaintiff may move to reopen this action within twenty (20) days of the date of this Order by: (a) filing a notice of current address; and (b) filing an amended complaint that cures the deficiencies identified herein and complies with Federal Rule of Civil Procedure 8(a) and Local Civil Rule 15.1. Any amended complaint must identify each defendant and that defendant's personal involvement in the alleged constitutional violation, assert only civil claims cognizable in this Court, and supersede and replace the original complaint in its entirety. Plaintiff may not amend by letter or evidentiary declaration.

5

An appropriate order follows.

Date:  **June 22, 2026**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**

6